# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE PORTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV00322 ERW |
| | ) | |
| ST. LOUIS COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 521550), an inmate at Eastern Reception, Diagnostic and Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $6.95. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess

and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $34.75, and an average monthly balance of $33.71. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.95, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: St. Louis County; St. Louis County Health Department; Unknown Rotnick (doctor); Unknown Todd (doctor); Rita Hendricks (nurse); Deb Kinder (nurse); Jane Unknown (nurse); Unknown Hector (nurse); Kate Ridisell (nurse); Gary Preston (nurse); Unknown Willis (correctional officer); Tina Hahler (caseworker); Unknown Woods (correctional officer); and Al Breeding (unit manager). Plaintiff brings this action against defendants asserting deliberate indifference to his serious medical needs during his incarceration at the St. Louis County Justice Center.

Plaintiff alleges that he notified defendant Preston on December 7, 2008 that he was suffering from shingles. Plaintiff asserts that defendant Preston told him he would notify his supervisor, defendant Hendricks.

Plaintiff asserts that sometime between December 8, 2008 and December 16, 2008 he reported his "medical problem" to defendant Ridisell and defendant Hector and told them that he was experiencing an extreme amount of both pain and discomfort. Plaintiff claims that during this same time period he reported his medical condition, either verbally or through a written report, to defendants Willis, Woods and Hahler. Plaintiff asserts that he was told that information regarding his medical condition was being passed along to defendants Rotnick, Todd, Kinder and Jane Unknown.

Plaintiff claims that on December 17, 2008 he was transferred to the Missouri Department of Corrections, and that he told the intake nurse about his medical problems. Plaintiff asserts that on December 18, 2008, he was diagnosed with shingles and placed in the "JCU Unit" for "treatment and quarantine."

**Discussion**

Plaintiff's claims against defendants Breeding, Hendricks, Rotnick, Todd, Kinder and Jane Unknown are subject to dismissal because plaintiff has not pleaded that he reported his alleged medical condition directly to these individuals and that they subsequently failed to respond to his requests. "Liability under § 1983 requires a causal

link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). Although plaintiff intimates that defendants Breeding, Hendricks, Rotnick, Todd, Kinder and Jane Unknown should have known about his medical condition, he has not set forth any facts indicating that any of these defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to defendants Breeding, Hendricks, Rotnick, Todd, Kinder and Jane Unknown.

Plaintiff's claims against St. Louis County and St. Louis County Health Department also fail because he has not set forth that the deliberate indifference to his medical care was a result of an official policy or custom. "Policy or custom official-capacity liability is imposed by 42 U.S.C. § 1983 only for constitutional deprivations visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels." Grayson

v. Ross, 454 F.3d 802. 811 (8th Cir. 2006) quoting Monell v. Dep't Of Soc. Serv. of City of New York, 436 U.S. 658, 690-91 (1978) (internal quotations omitted).

However, plaintiff's claims against the remaining defendants regarding their deliberate indifference to his medical needs survive initial review at this time. As such, the Court will order the Clerk of the Court to issue process or cause process to be issued on defendants Hector, Preston, Ridisell, Woods, Hahler, and Willis.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $6.95 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Hector, Preston, Ridisell, Woods, Hahler and Willis.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Hector, Preston, Ridisell, Woods, Hahler and Willis shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants St. Louis County, St. Louis County Health Department, Breeding, Jane Unknown, Kinder, Hendricks, Todd, and Rotnick because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

So Ordered this 14th Day of April, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE