UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANDRE PORTER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:09CV00322 ERW |
| ST. LOUIS COUNTY, MISSOURI, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Andre Porter's ("Plaintiff") Motion for Joinder of Parties and to Amend/Correct Complaint [doc. #27]. The Court heard arguments from the parties on this Motion on September 16, 2009.

**I.     Background**

Plaintiff originally brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. Specifically, Plaintiff claims that Defendants exhibited deliberate indifference to his serious medical needs during his incarceration at the St. Louis County Justice Center.

Plaintiff alleges that on December 7, 2008 he notified Defendant Preston, a nurse at the facility, that he was suffering from shingles. Plaintiff claims that Preston told him that he would notify his supervisor, Rita Hendrick ("Hendrick"). Plaintiff asserts that sometime between December 8, 2008 and December 16, 2008, he then told Defendant Ridisell and Defendant Hector that he was experiencing an extreme amount of pain and discomfort, and that he also reported his medical condition to Defendants Willis, Woods, and Hahler. Plaintiff claims that he was informed that this information would be passed along to Unknown Rotnick ("Rotnick") and Unknown

Todd ("Todd"), both doctors at the Justice Center, and Deb Kinder ("Kinder") and Jane Unknown, supervising nurses.  In his proposed amendment, Plaintiff further alleges that Al Breeding ("Breeding"), the unit manager of Plaintiff's housing unit, ignored his requests for treatment, and that Director of Justice Services Roy Mueller ("Mueller") likewise refused to address Plaintiff's problems despite repeated requests by Plaintiff and Plaintiff's family over a period of months leading up to the incident.  Plaintiff contends that this treatment is typical for detainees at the facility, with detainees often waiting for weeks before receiving medical attention.

On December 17, 2008, Plaintiff states that he was transferred to the Missouri Department of Corrections, where he informed the intake nurse about his medical problems.  Plaintiff asserts that he was diagnosed with shingles on the following day and placed in the "JCU Unit" for treatment and quarantine.

## II.     Discussion

In his Motion, Plaintiff seeks leave to amend his complaint to add as defendants Hendrick, Rotnick, Todd, Kinder, Jane Unknown, Mueller, and Breeding – all of whom are supervisory personnel at the St. Louis County Justice Center – along with St. Louis County ("the County"), the St. Louis County Executive Board ("the Executive Board"), St. Louis County Justice Services ("Justice Services"), the St. Louis County Health Department ("the Health Department"), and St. Louis County Executive Charles Dooley ("Dooley").

Leave to amend a complaint "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  A proposed amendment should be denied as futile, however, if it "asserts clearly frivolous claims or defenses."  *Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1244, 1255 (8th Cir. 1994) (quotations and citations omitted).  In making that determination, the

movant's "likelihood of success on the new claim is no basis for denying an amendment unless the claim asserted therein is clearly frivolous." *Id.*

Plaintiff's Motion is denied as to Justice Services, the Health Department, and the Executive Board. A county's administrative arms are not proper defendants to a § 1983 action because they have no legal identity separate from that of the county. *See Spinks v. City of St. Louis Water Div.*, 176 F.R.D. 572, 573 (E.D. Mo. 1997) (water division); *State of Mo. ex rel. Gore v. Wochner*, 475 F. Supp. 274, 280 (E.D. Mo. 1979), *aff'd*, 620 F.2d 183 (8th Cir. 1980) (personnel department). This Court has recognized that Justice Services is not a suable entity for this very reason. *Davis v. Missouri*, 2009 WL 586596, at *2 (E.D. Mo. 2009). The Health Department and the Executive Board,[1] like Justice Services, are subdivisions of St. Louis County government. The Court therefore denies leave to amend to add these entities as defendants because any claims against them are clearly frivolous.

The Court also denies Plaintiff's Motion as to Rotnick, Todd, Hendrick, Kinder, Jane Unknown, and Dooley in their individual capacities on the grounds of futility. "Deliberate indifference to a prisoner's serious medical needs violates the prisoner's Eighth Amendment right to be free from cruel and unusual punishment." *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). In order for an individual to be liable under § 1983, however, there must be a "causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983

---

[1]Although the issue is moot because the Court denies leave to add this party on other grounds, the Court is not at all certain that there is such an entity as the St. Louis County Executive Board. To the extent it exists, however, it must be a subdivision of county government.

where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). Plaintiff does not claim that he reported his alleged medical condition directly to these individuals and that they subsequently failed to respond to his requests. As a result, the Court concludes that Plaintiff's claims against these parties are clearly frivolous and leave to amend his complaint to add them as defendants is denied.

Plaintiff has, however, sufficiently stated claims against Mueller and Breeding in their individual capacities. Plaintiff alleges that both he and his family contacted Mueller regarding Plaintiff's condition and that Mueller ignored their requests for medical attention. Specifically, Plaintiff contends that he wrote a letter to Mueller about his medical problems in February 2008, and that his family contacted Mueller by email and by phone prior to that. Plaintiff also alleges that he notified Breeding of his problem and that Breeding failed to address the issue. As such, Plaintiff's claims that Mueller and Breeding were directly responsible for deliberate indifference to his serious medical needs are not clearly frivolous, and leave to amend to add Mueller and Breeding as defendants is granted.

The Court also grants Plaintiff's Motion as to St. Louis County. Municipal entities may be liable under § 1983 where an official custom or policy leads to the violation of a constitutional right, "even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690-91 (1978). Plaintiff alleges that detainees' "only contact with medical staff [in the Justice Center] is low level staff [who] because of policy and customs . . . won't or can't provide detainees with medical attention," and that detainees do not receive medical treatment for three to

four weeks after requesting it. Plaintiff claims that these facts demonstrate a County policy or custom of deliberate indifference to detainees' serious medical needs.

Defendants contend that leave to amend should be denied because the County's official policy is to provide medical care to everyone in custody in the St. Louis County Justice Center. This does not negate the possibility of an unstated and informal custom, however, and the Court is not permitted at this juncture to assess Plaintiff's likelihood of success or the credibility of his evidence. Plaintiff adequately alleges that the County had an unconstitutional custom or policy, based on recurring poor treatment of detainees in the Justice Center, that led to deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. The Court cannot conclude that this claim is clearly frivolous, and the Court therefore grants leave to amend to add the County as a defendant.

Plaintiff's claim against Dooley, in his official capacity as St. Louis County Executive, is also not frivolous. Claims against individuals in their official capacities are equivalent to claims against the entity for which they work, requiring proof that the entity's official custom or policy brought about the constitutional deprivation. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Plaintiff alleges that as County Executive, Dooley is responsible for developing, adopting, and implementing the County's customs and policies, which for the purposes of this Motion the Court must assume is true. Insofar as Plaintiff has sufficiently alleged an unconstitutional County custom or policy, he has also stated a valid claim against Dooley as County Executive because Dooley stands in the shoes of the County for § 1983 purposes. *Hafer*, 502 U.S. at 25. Accordingly, the Court permits Plaintiff to join Dooley as a defendant in his official capacity. For the same reason, however, Plaintiff may not join Rotnick, Todd, Hendrick, Kinder, Jane

Unknown, and Mueller in their official capacities[2] as defendants, because Plaintiff's allegations against these parties are premised on direct responsibility for a constitutional deprivation and not on an unconstitutional custom or policy.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Joinder of Parties and to Amend/Correct Complaint [doc. #27] is **GRANTED, in part**, and **DENIED, in part**. The Court grants Plaintiff leave to amend his Complaint to add the following parties: St. Louis County, Breeding and Mueller in their individual capacities, and Dooley in his official capacity as St. Louis County Executive. As such, Plaintiff shall file an Amended Complaint setting forth only his remaining claims against the following defendants: St. Louis County Missouri; Unknown Hector; Kate Ridisell; Gary Preston; Unknown Willis; Tina Hahler; Unknown Woods; Al Breeding and Roy Mueller in their individual capacities; and Charles Dooley in his official capacity as St. Louis County Executive. No additional claims may be added that were not previously set forth in Plaintiff's original Complaint [doc. #1] or in Plaintiff's Motion for Joinder of Parties and to Amend/Correct Complaint [doc. #27]. Any claims previously dismissed by this Court from either of those documents cannot be reclaimed in the Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall file an Amended Complaint as directed by this Court no later than **October 2, 2009.** Upon receipt of Plaintiff's Amended Complaint, the Clerk of Court shall issue process or cause process to issue upon Defendants.

---

[2]The Court is assuming only for the sake of argument that these parties could be sued in their official capacities; in any event, Plaintiff's allegations are insufficient to support such an action.

**IT IS FURTHER ORDERED** that the Court's previously issued Case Management Order [doc. #24] is **VACATED** and will be reissued upon Service and Answer of all Defendants.

Dated this 21st Day of September, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE