UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDRE PORTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:09CV00322 ERW |
| | ) |
| ST. LOUIS COUNTY, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Motion for Summary Judgment of Defendants St. Louis County, Missouri, Charlie Dooley, Roy Mueller, Al Breeding, Gary Preston, Kate Rudisill, Tina Hahler, Hector Sanchez, Henry Willis, and Alexis Woods (collectively, "Defendants") [doc. #53].

**I.     BACKGROUND**

This litigation arises out of the medical treatment, or lack thereof, that Plaintiff Andre Porter ("Plaintiff") received while a pre-trial detainee at the St. Louis County Justice Services Center in 2008. Defendants to Plaintiff's claims are St. Louis County, Missouri and various staff members of the St. Louis County Justice Services Center (collectively, "Defendants").

Plaintiff claims that on or about December 7, 2008, he developed a rash on his torso, and that over approximately the next ten days – until he was transferred out of the facility on December 17 – he attempted without success to secure medical treatment for his condition from staff members at the Justice Services Center. Plaintiff asserts that he told Defendant Gary Preston about his problem immediately and showed Preston his torso, and that over the following days he also made Defendants Kate Ridisill and Hector Sanchez, both nurses at the facility, aware of his

condition. Plaintiff further claims that he directly told Defendants Henry Willis, Alexis Woods, Tina Hahler, and Al Breeding that he needed medical attention, and that he also made a written request for treatment to the unit manager's office in which these Defendants work. Plaintiff states that he was told multiple times that his complaints had been passed along to the facility's medical providers and that he would be called to the clinic, but this never occurred.

On December 17, 2008, Plaintiff was transferred to the Missouri Department of Correction – Bonne Terre Diagnostic Center ("MODOC"). He received an intake physical the following day, at which point Plaintiff was diagnosed with shingles and placed in quarantine. The treating physician prescribed treatment of five daily doses of acyclovir – a medication used to treat the pain and speed the healing of sores caused by shingles and other related conditions – over a period of ten days, and Plaintiff continued to receive daily doses of naproxen, brand name Aleve, for the following three to four months.

Based on these alleged events, Plaintiff asserts that Defendants violated the Eighth Amendment prohibition on "cruel and unusual punishments," for which Plaintiff brings a cause of action under 42 U.S.C. § 1983 seeking monetary relief.[1]

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material

---

[1] The Court notes that in the briefing of this Motion, the parties have also addressed certain allegations of inadequate treatment related to a rash that allegedly affected Plaintiff from February 2008 through June 2008. These allegations are not presented as a claim for relief in Plaintiff's original Complaint or in his Amended Complaint, however, and the Court therefore does not consider them here.

facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. If the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The initial burden of proof on a motion for summary judgment is placed on the moving party to establish "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden shifts to the non-moving party to set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); Fed. R. Civ. P. 56(e)(2). When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but, by affidavits and other evidence, must set forth specific facts showing that a genuine issue of material fact exists. *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002); Fed. R. Civ. P. 56(e)(1). The non-moving party does not need to produce "evidence in a form that would be admissible at trial in order to avoid summary judgment"; "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing to which we have referred." *Celotex*, 477 U.S. at 324.

To meet its burden and survive summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 334. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

## III. DISCUSSION

A state pretrial detainee's rights to medical treatment are governed by the Due Process Clause of the Fourteenth Amendment, and the standard for determining whether a due process violation has occurred is the same for determining whether the denial of medical services to an inmate violates the Eighth Amendment's prohibition on "cruel and unusual punishments." *McRaven v. Sanders*, 577 F.3d 974, 979-80 (8th Cir. 2009). In order to succeed on his claims, the detainee must therefore demonstrate that (1) he suffered from an objectively serious medical need; and (2) prison officials actually knew of, but deliberately disregarded, that need. *Hines v. Anderson*, 547 F.3d 915, 920 (8th Cir. 2008).

"An objectively serious medical need is one that either has been diagnosed by a physician as requiring treatment, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Jones v. Minnesota Dep't of Corr.*, 512 F.3d 478, 481 (8th Cir. 2008) (internal quotations and citations omitted). "[W]hen the inmate alleges that the delay in treatment is the constitutional deprivation, the objective seriousness of the deprivation should also be measured by reference to the *effect* of delay in treatment." *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995) (emphasis in original) (internal quotations and citations omitted), *abrogated in part on other grounds by Johnson v. Jones*, 515 U.S. 304 (1995). Thus, "[a]n inmate who complains that a delay in medical treatment rose to a constitutional violation must place verifying

4

medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997) (internal quotations and citation omitted).

With respect to the second prong of the standard, a detainee plaintiff may prove that facility staff had actual knowledge of a serious medical need through circumstantial evidence or simply from the obviousness of his condition, but establishing that they were deliberately indifferent to that need requires a substantial showing – proof of disagreement with treatment decisions, medical malpractice, and even gross negligence is insufficient. *See Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996) ("Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment."); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) ("Mere negligence or medical malpractice . . . [is] insufficient to rise to a constitutional violation.") (internal citations omitted); *see also Langford v. Norris*, 2010 WL 2813551, at *10 (8th Cir. 2010) ("To state a claim based on inadequate medical treatment, the plaintiff must show more than negligence, more even than gross negligence . . . .") (internal alterations, quotations, and citations omitted).

Assuming for the sake of argument that Defendants were, as Plaintiff alleges, aware that Defendant was suffering from a skin condition for the approximately nine days prior to his transfer from the St. Louis County Justice Services Center, Defendants are still entitled to summary judgment because Plaintiff has failed to present any medical evidence that the alleged delay negatively impacted his overall treatment. *See Crowley*, 109 F.3d at 502. In fact, the only medical evidence Plaintiff offers is his diagnosis of shingles after he was transferred into MODOC custody. There is no evidence in the record from which the Court could infer that the alleged

delay affected his prognosis. Thus, because the objective seriousness of Plaintiff's condition is to be "measured by reference to the effect of delay in treatment," *Beyerbach*, 49 F.3d at 1326, Plaintiff's failure to offer evidence on this point means that there is no genuine issue of material fact as to whether he was suffering from an objectively serious medical need. As such, Plaintiff cannot prove a necessary element of his cause of action for a constitutional deprivation under § 1983, and Defendants are entitled to summary judgment on all of Plaintiff's claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [doc. #53] is **GRANTED**.

Dated this 14th Day of September, 2010.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE